Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Kelsey L. Kuberka (SBN 321619)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
kkuberka@toddflaw.com
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE ROCHIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>VISA U.S.A., INC.; and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.];<br>2. VIOLATIONS OF UNFAIR COMPETITION LAW [Cal. Business and Professions Code § 17200 ET SEQ.].<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARIA GUADALUPE ROCHIN ("Plaintiff"), brings this action for damages against Defendant VISA U.S.A., INC., for violation of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq.*, ("EFTA"), and violation of the Unfair Competition Law ("UCL"), Cal. Business & Professions Code §§ 17200, *et seq.*, ("UCL").

## INTRODUCTION

1.     Plaintiff's Complaint is brought pursuant to the Electronic Funds

Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2.    Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

### PARTIES

3.    Plaintiff, MARIA GUADALUPE ROCHIN, ("Plaintiff") is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

4.    At all relevant times herein, Defendant, VISA U.S.A., INC., ("VISA"), is a Delaware corporation engaged in the business of conducting transfer of electronic funds throughout the State of California.

5.    The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained

of herein was made known to, and ratified by, each of the other Defendants.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 et seq.

8.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

9.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## FACTUAL ALLEGATIONS

10.     On or about October 4, 2017, Plaintiff subscribed to a Personal Training Membership, at a local gym for $160.00 per month ("Training Membership"). Furthermore, the Training Membership was a month-to-month agreement that Plaintiff could cancel at any time. Plaintiff provided Defendant with very specific authorization to deduct funds from Plaintiff's account on a reoccurring basis as outlined above.

11.     On or about October 5, 2017, Plaintiff cancelled her membership. However,  Defendant VISA continued to permit unauthorized deductions funds from Plaintiff's account multiple times and without Plaintiff's consent or authorization.

12.     LA Fitness' automatic withdrawals caused Plaintiff to suffer a measurable and significant financial loss for which VISA has since and continually refused to reimburse Plaintiff.

13.     Plaintiff never provided VISA with any authorization subsequent to October 5, 2017 after Plaintiff revoked authorization for the Training Membership.

In fact, Plaintiff made her final and only payment in or around October of 2017, and in memorandum of its finality and her express revocation of any consent to continued deductions from her account, Plaintiff wrote a letter dated November 17, 2017, again demanding the cancellation of the Training Membership and demanding VISA disallow further deductions, to no avail.

14.    Due to VISA's continued unauthorized deductions, Plaintiff was forced to close her account and opened a new account.

15.    However, without Plaintiff's authorization or consent, VISA provided Plaintiff's new account information, and continued to deduct unauthorized recurring charges from Plaintiff's account.

16.    Furthermore, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these automatic payments.

17.    Defendant failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) with respect to the above alleged transactions.

18.    Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

19.    As a result of the above violations, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and emotional distress, and Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

21. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

22. Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

24. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

25. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not

necessarily limited to, the following:

a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

26. As someone whose bank account was debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of The Class.

27. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual

issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

31. Defendants failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

32. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

33. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

34. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

35. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he

authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

36.    In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

37.    In multiple instances, Defendants debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

38.The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
### (Against All Defendants)

39.    Plaintiff reincorporates by reference all of the proceeding paragraphs.

40.    Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

41.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

42.     Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

43.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

44.     Defendant has debited Plaintiff's accounts on a recurring basis without first obtaining authorization nor providing a copy of such authorization shall be provided to the consumer when made thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

45.     In multiple instances, Defendant has debited Plaintiff's accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

46.     In multiple instances, Defendant has debited Plaintiff's accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers,

thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARIA GUADALUPE ROCHIN, respectfully requests judgment be entered against Defendant for the following:

    a.  Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

    b.  Actual damages;

    c.  Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

    d.  For prejudgment interest at the legal rate; and

    e.  Any other relief this Honorable Court deems appropriate.

## **COUNT II:**
## **VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT**

47.    Plaintiff incorporates by reference each allegation set forth above.

48.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.    A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

UNFAIR

49.    California Business & Professions Code § 17200 prohibits any "unfair

... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

50. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

51. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact due to Defendant withdrawing funds from Plaintiff without her authorization. Thus, Defendant's conduct has caused substantial injury to Plaintiff.

52. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer, since Defendant simply withdrew funds from Plaintiff without her permission and provided nothing to Plaintiff in return.

53. Finally, the injury suffered by Plaintiff is not an injury that these consumers could reasonably have avoided, since Plaintiff had no knowledge that Defendant was deducting Plaintiff's funds without her knowledge, consent, or authorization.

54. Thus, Defendant's conduct has violated the "unfair" prong of

California Business & Professions Code § 17200.

FRAUDULENT

55.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

56.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

57.     Here, not only was Plaintiff likely to be deceived, but Plaintiff was actually decided since she was not aware that Defendant was deducting funds from her account without her knowledge, consent or authorization.

58.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

UNLAWFUL

59.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

60.     As explained above, Defendant unlawfully deducted funds from Plaintiff's account in violation of the Electronic Transfer Act.

61.     These actions by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

62.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices

and requiring Defendant to correct its actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARIA GUADALUPE ROCHIN, respectfully requests judgment be entered against Defendant VISA for the following:

a. Actual damages;

b. Restitution;

c. Injunctive relief;

d. Declaratory relief;

e. For prejudgment interest at the legal rate; and

f. Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

Plaintiff hereby exercises her right under Article 1, Section 16 of the Constitution of the State of California to a trial by jury on all issues so triable.

Respectfully submitted this 19th day of November, 2018

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  _____
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiff